### In re McNAUGHT.

(District Court, D. Massachusetts. December 22, 1903.)

#### No. 6075.

BANKRUPTCY ☞136—SUMMARY IMPRISONMENT—CONTEMPT.

    Bankrupt, being without means in his possession or control, may not be punished by summary imprisonment for contempt, because not paying over money to the trustee, as directed by the referee, though he may have committed one of the offenses mentioned in Bankr. Act July 1, 1898, c. 541, § 29, 30 Stat. 554 (Comp. St. 1913, § 9613).

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ☞136.]

In Bankruptcy. In the matter of William W. McNaught, bankrupt. Bankrupt discharged from custody.

Arthur E. Burr, of Boston, Mass., for trustee.

Merritt & Merritt, of Boston, Mass., for bankrupt.

LOWELL, District Judge. The bankrupt has been held in jail pursuant to the order of committal made November 19th. Frequent representations have been made to the court during the past month that he is without means, and has not in hand or in his disposition any appre-

ciable part of the sum of money which the referee directed him to pay over to the trustee. In order to clear up the matter, if possible, the bankrupt's counsel, at my suggestion, offered as a witness the bankrupt's brother, who had been employed by him as a clerk up to the time of bankruptcy, and who has since carried on the same business, employing the bankrupt as clerk. If any considerable sum of money had been concealed, it seemed inevitable that this witness should know about it. If, on the other hand, notwithstanding his false testimony and the false entries in his books, the bankrupt was without means, his brother's testimony might be expected to make this fact clear. Unfortunately the brother's testimony was like the bankrupt's, though the bankrupt's counsel, both in public and in private, besought him to tell the truth. He also appeared either to have destroyed his books or to have omitted keeping any. Notwithstanding these circumstances, I have yet become satisfied, after much investigation and several conferences with the referee, that the bankrupt is now without means in his possession or control. Indeed, I am inclined to think that he did not conceal any considerable sum of money from the trustee. His incorrigible habit of lying has led the court, quite naturally, but erroneously, as I think, to believe that he had something important to conceal. The facts above stated put his discharge out of the question, and indicate that he has committed one of the offenses mentioned in section 29, Bankr. Act; but it is beyond the power of this court to punish those offenses by summary imprisonment for contempt. That he has been held for about a month is due solely to his own conduct, but that conduct does not justify further imprisonment, however it may be dealt with by proceedings strictly criminal. The value of the business transferred to the bankrupt's brother may doubtless be realized by the trustee, subject to the rights of the bankrupt's nephew, whatever these may be. The bankrupt will be discharged from custody without prejudice to the institution of further proceedings, if further evidence be discovered that he holds property concealed from the estate.